## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:09-cv-02018-ABJ |
| ) | |
| **ALL FUNDS IN BANCA PRIVADA d'ANDORRA** ) | |
| **Interbank Accounts In The United States** ) | |
| **In An Amount Up To And Including The Amount** ) | |
| **Of $6,686,930.00,** *etc.***,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **BANCA PRIVADA d'ANDORRA,** ) | |
| ) | |
| **Claimant.** ) | |

### STATUS REPORT ON SEPTEMBER 14, 2012

*COMES NOW*, the plaintiff United States of America, by and through the United States Attorney for the District of Columbia, respectfully to report this action's current status. Based on developments since approximately April 1, 2012, which involve government-to-government relations between the United States and the Principality of Andorra, as well as continuing regular communications between plaintiff and claimant, plaintiff expects this case to be resolved without further litigation on or before December 4, 2012, and without further action by the Court other than to grant one or more uncontested motions. Therefore, plaintiff recommends that the Court take no action and that neither party be required to take any other action before December 4, 2012. In further support whereof, the United States respectfully submits as follows:

1. On October 27, 2009, plaintiff brought a Verified Complaint For Forfeiture *In Rem* against all funds in an account maintained in the Principality of Andorra at a financial institution

named Banca Privada d'Andorra (BPA). On August 3, 2011, plaintiff filed an amended Verified Complaint For Forfeiture *In Rem*. That amended complaint named the defendant property as all funds in BPA "interbank accounts in the United States in an amount up to and including the amount of $6,686,930.00, which is equivalent to the value" of 4.7 million Euros. That was the value of the funds on deposit in a BPA account for which the original complaint sought forfeiture "or any property traceable thereto." The Court issued warrants of arrest *in rem* for the funds on deposit at three BPA interbank accounts in the United States, and the warrants were executed in August 2011.

2. On December 9, 2011, BPA filed a verified claim and statement of interest in the defendant property. Through their attorneys, BPA and the United States have regularly been in contact since execution of this Court's warrants of arrest *in rem*. Since December 15, 2011, the Court has granted BPA's unopposed motions for extension of time to answer, move, or otherwise respond to the amended complaint. Since at least since January 6, 2012, the United States has taken the position that it is no longer possible for anyone to file timely a claim to the defendant property, and that the United States and BPA are the only two parties to this action who can come before the Court. No other person or entity has ever tried to become a party to this action.

3. Since before the Court last extended the time for BPA to file an answer, move, or otherwise respond to the amended complaint, the governments of the United States and the Principality of Andorra have been negotiating a government-to-government agreement concerning how each will treat issues relating to forfeiture claims that involve the two countries. Plaintiff understands that the successful conclusion of such an agreement and actions expected to be taken by BPA relating to the funds in the Andorran account will likely have the effect of causing plaintiff to conclude that it may use other procedures to vindicate the interests that led to this action being

filed. Should that occur, plaintiff expects that this action will be resolved without further litigation and without further action by the Court, except to grant an uncontested motion. As of now, plaintiff expects that the Court will receive such an uncontested motion on or before December 4, 2012. Counsel for BPA has stated that it consents to this status report.

*WHEREFORE*, plaintiff respectfully prays this Honorable Court to accept this status report and take no other action, nor to require the parties to take any action before December 4, 2012.

>Respectfully submitted,
>
>/s/ Ronald C. Machen Jr.
>RONALD C. MACHEN JR., D.C. Bar No. 447889
>United States Attorney
>
>/s/ Stephanie Lauren Brooker
>STEPHANIE LAUREN BROOKER, D.C. Bar No. 475321
>Assistant United States Attorney
>Chief, Asset Forfeiture and Money Laundering Section
>
>/s/ Barry Wiegand
>BARRY WIEGAND, D.C. Bar No. 424288
>Assistant United States Attorney
>555 Fourth Street, N.W., Room 10-447
>Washington, D.C. 20530
>(202) 252-7723
>William.B.Wiegand@USDoJ.Gov
>
>Counsel for plaintiff United States

## CERTIFICATE OF SERVICE

Before filing this status report, I transmitted by e-mail a copy to Mr. Jeffrey F. Robertson, Esq. jeffrey.robertson@srz.com; Ms. Betty Santangelo, Esq. betty.santangelo@srz.com; and Ms. Sung-Hee Suh, Esq. sung-hee.suh@srz.com; who have entered appearances as claimant's counsel, Schulte Roth & Zabel LLP, 1152 Fifteenth Street, N.W., Suite 850, Washington, DC 20005; (202) 729-7478; Fax: (202) 730-4520 and 919 Third Avenue, New York, N.Y. 10022; (212) 756-2418.

>/s/ Barry Wiegand