UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALL FUNDS IN BANCA PRIVADA d'ANDORRA** )<br>Interbank Accounts In The United States )<br>In An Amount Up To And Including The Amount )<br>Of $6,686,930.00, *etc.*, )<br>)<br>**Defendant.** )<br>_____)<br>)<br>**BANCA PRIVADA d'ANDORRA,** )<br>)<br>**Claimant.** )<br>_____) | No. 1:09-cv-02018-ABJ |

**STATUS REPORT**

*COMES NOW*, the plaintiff United States of America, by and through the United States Attorney for the District of Columbia, respectfully to report this action's current status. Based on developments during the past year, which involve government-to-government relations between the United States and the Principality of Andorra, as well as continuing regular communications between plaintiff and claimant, plaintiff continues to expect this case to be resolved without further litigation and without further action by the Court, other than to grant one or more uncontested motions. Despite progress in this direction since the government's last status report this past September, matters have not yet reached a point where such an uncontested motion or motions can be laid before the Court to resolve this matter fully. Therefore, plaintiff recommends that the Court take no action, and that neither party be required to take any additional action before March 6, 2013. The plaintiff will submit a supplemental status report on January 14, 2013, updating the Court and claimant on

the status of the matter. In further support whereof, the United States respectfully submits as follows:

1. On October 27, 2009, plaintiff brought a Verified Complaint For Forfeiture *In Rem* against all funds in an account maintained in the Principality of Andorra at a financial institution named Banca Privada d'Andorra (BPA). On August 3, 2011, plaintiff filed an amended Verified Complaint For Forfeiture *In Rem*. That amended complaint named the defendant property as all funds in BPA "interbank accounts in the United States in an amount up to and including the amount of $6,686,930.00, which is equivalent to the value" of 4.7 million Euros.[1]

2. On December 9, 2011, BPA filed a verified claim and statement of interest in the defendant property. Through their attorneys, BPA and the United States have regularly been in contact since execution of this Court's warrants of arrest *in rem*. Since December 15, 2011, the Court has granted BPA's unopposed motions for extension of time to answer, move, or otherwise respond to the amended complaint. The United States continues to have no objection to an extension of this time until a date after March 6, 2013.[2]

3. Since before the Court last extended the time for BPA to file an answer, move, or otherwise respond to the amended complaint, the governments of the United States and the

---

[1] This sum was the value of the funds on deposit in a BPA account for which the original complaint sought forfeiture "or any property traceable thereto." The Court issued warrants of arrest *in rem* for the funds on deposit at three BPA interbank accounts in the United States, and the warrants were executed in August 2011.

[2] Since at least since January 6, 2012, the United States has taken the position that it is no longer possible for anyone to file timely a claim to the defendant property, and that the United States and BPA are the only two parties to this action who can come before the Court. No other person or entity has ever tried to become a party to this action.

Principality of Andorra have been negotiating a government-to-government agreement concerning how each will treat issues relating to forfeiture claims that involve the two countries.  Plaintiff believes that the successful conclusion of such an agreement and actions expected to be taken by BPA relating to the funds in the Andorran account will likely have the effect of causing plaintiff to decide to use other procedures to vindicate the interests that led to this action being filed.  When this occurs, plaintiff expects that this action will be resolved without further litigation and without further action by the Court, except to grant an uncontested motion or motions.  As of now, plaintiff believes that the Court can expect such an uncontested motion or motions on or before March 6, 2013.  Counsel for BPA has stated that it consents to this status report.

**WHEREFORE**, plaintiff respectfully prays this Honorable Court to accept this status report and take no other action, nor to require the parties to take any action before March 6, 2013.

Respectfully submitted,

 /s/ Ronald C. Machen Jr.
RONALD C. MACHEN JR., D.C. Bar No. 447889
United States Attorney

 /s/ Arvind K. Lal
ARVIND K. LAL, D.C. Bar No. 389496
Assistant United States Attorney
Chief, Asset Forfeiture and Money Laundering Section

 /s/ Barry Wiegand
BARRY WIEGAND, D.C. Bar No. 424288
Assistant  United States Attorney
555 Fourth Street, N.W., Room 10-447
Washington, D.C. 20530
(202) 252-7723
William.B.Wiegand@USDoJ.Gov

Counsel for plaintiff United States

## **CERTIFICATE OF SERVICE**

Before filing this status report, I transmitted by e-mail a copy to Mr. Jeffrey F. Robertson, Esq. jeffrey.robertson@srz.com; Ms. Betty Santangelo, Esq. betty.santangelo@srz.com; and Ms. Sung-Hee Suh, Esq. sung-hee.suh@srz.com; who have entered appearances as claimant's counsel, Schulte Roth & Zabel LLP, 1152 Fifteenth Street, N.W., Suite 850, Washington, DC 20005; (202) 729-7478; Fax: (202) 730-4520 and 919 Third Avenue, New York, N.Y. 10022; (212) 756-2418.

                           */s/ Barry Wiegand*
                     Assistant United States Attorney